IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


WILLIAM ROBERT FORD JR.,                §
                                        §
        Petitioner,                     §
                                        §
v.                                      §        2:03-CV-0131
                                        §
DOUGLAS DRETKE, Director,               §
Texas Department of Criminal            §
Justice, Institutional Division,        §
                                        §
        Respondent.[1]                  §


### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner WILLIAM ROBERT FORD JR. has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in State Custody challenging his convictions out of the 108th Judicial

District Court of Potter County, Texas, for the felony offenses of aggravated robbery and

aggravated assault with a deadly weapon.  For the reasons hereinafter expressed, the United States

Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should

be DENIED.


I.
PROCEDURAL HISTORY

On November 4, 1999, in Cause No. 41,419-E, styled *The State of Texas vs. William*

*Robert Ford a.k.a. William Loghry*, petitioner was indicted for the offense of aggravated robbery,

---

[1]The previous named respondent was Janie Cockrell who was succeeded by Douglas Dretke on August 1, 2003 as Director of the Texas Department of Criminal Justice, Institutional Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Dretke is automatically substituted as a party.

enhanced with two prior felonies.  Clerk's Record (CR) Vol. 1 at 2.  On March 22, 2000, in

Cause No. 42,038-E, styled *The State of Texas vs. William Robert Ford*, petitioner was indicted

for the offense of aggravated assault with a deadly weapon enhanced with two prior felonies.  CR,

Vol. 1 at 2.   Upon findings of guilt by a jury, petitioner was sentenced, on May 30, 2005, to 40

(forty) years imprisonment in the Texas Department of Criminal Justice, Institutional Division

imprisonment for each conviction, such sentences to run concurrently.  *Ex parte Ford*, No.

53,584-01 at 62;  *Ex parte Ford*, No. 53,584-02 at 73.

On April 22, 2002, petitioner's convictions were affirmed on direct appeal, in an

unpublished opinion by the Seventh District Court of Appeals.  *Ford v. State*, Nos. 07-01-0255-

CR and 07-01-257-CR, 2002 WL 660206 (Tex.App.--Amarillo April 22, 2002);   *Ex parte Ford*,

No. 53,584-01 at 67-80;   *Ex parte Ford*, No. 53,584-02 at 79-92 .  Petitioner Ford did not file a

petition for discretionary review with the Texas Court of Criminal Appeals.

On July 31, 2002, petitioner filed two state applications for a writ of habeas corpus

challenging the instant convictions.  *Ex parte Ford*, No. 53,584-01 at 2; *Ex parte Ford*, No. 53,584-

02 at 2.  On December 18, 2002, the Texas Court of Criminal Appeals denied petitioner's

applications without written order.  *Id*. at cover.  On May 8, 2003, the instant application for

federal habeas relief was filed in this Court.[2]

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of

---

[2]   *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

the United States for the following reasons:

1.      Petitioner's conviction was obtained with a coerced confession;

2.      Petitioner was denied effective assistance of counsel because counsel failed to communicate to petitioner a plea bargain offer from the State; and

3.      Petitioner was denied effective assistance of counsel because counsel:

      a.      misinformed petitioner of the rule concerning the introduction of prior convictions for impeachment purposes when a defendant testifies;

      b.      failed to investigate or to challenge the two convictions used for enhancement purposes in the indictment;

      c.      failed to adequately challenge the inadmissible statement referred to in ground 1 herein;

      d.      failed to impeach a key state witness;

      e.      failed to properly challenge the fact's surrounding the admission of evidence *i.e.* a knife used in the offense;

      f.      failed to raise on appeal, the issue of prosecutorial misconduct;

      g.      failed to raise on appeal, the issue of the inadmissible statement referred to in ground 1 herein; and

      h.      failed to raise on appeal, the issue of the improper admission of the knife.

## III.
## EXHAUSTION AND PROCEDURAL BAR

Respondent contends petitioner is procedurally barred from obtaining consideration and/or relief under his ground 3c because he failed to exhaust his state court remedies with respect to this issue specifically, petitioner failed to present this issue in his state habeas writ application.

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)  there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).  To have exhausted his state

remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional

claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523

U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional

claim presented to the state courts be supported by the same factual allegations and legal theories

upon which the petitioner bases his federal claims.  *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct.

509, 512, 30 L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement,

petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to

assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert.*

*denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992);

*Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443

(5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state

of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has

jurisdiction to review a petitioner's confinement.  Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon

1999).  Claims may be presented to that court through an application for a writ of habeas corpus,

*see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition

for discretionary review.

Respondent avers petitioner's ground 3c, an allegation that counsel failed to adequately

challenge an inadmissible statement (referred to in ground 1 herein) is unexhausted.  Respondent

argues that because petitioner failed to raise this claim in his state habeas application, it is barred

from federal review.  Respondent is correct and petitioner's ground 3c is procedurally barred

from federal habeas review.  The remainder of petitioner's allegations, respondent agrees, have

been exhausted.[3]

Because petitioner has filed a federal petition raising both exhausted and unexhausted grounds, it is a mixed petition and is subject to summary dismissal in order that petitioner may present the unexhausted ground to the Texas Court of Criminal Appeals.  *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Wilder v. Cockrell*, 274 F.3d 255 n.2 (5th Cir. 2001); *Graham v. Johnson*, 168 F.3d 762, 777-78 (5th Cir.1999), *cert. denied,* 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000).  If, however, petitioner were to return to the Texas Court of Criminal Appeals to present his unexhausted ground, that court would dismiss petitioner's state habeas application without any review of the merits for abuse-of-the-writ. *See Ex parte Barber,* 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App. 1994) (announcing the state's strict application of abuse-of-the-writ doctrine).  The Fifth Circuit has ruled that the Texas courts' application of the abuse of writ doctrine is an adequate, independent state ground barring federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995).[4]  Federal review of a habeas claim is procedurally barred when the last state court to consider the claim denies relief based on a state procedural bar.  *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).  Moreover, where a state court relies on a procedural bar to deny relief, a prisoner may not thereafter obtain federal habeas relief without showing cause for the default, and prejudice resulting therefrom.

---

[3]Respondent contends a portion of petitioner's second ground, that he was denied effective assistance of counsel because counsel failed to relay a plea bargain offer from the State, is procedurally barred.  Respondent contends petitioner failed to provide the Texas Court of Criminal Appeals with his unsworn declaration so such cannot be considered herein.  The Court agrees.

[4]This ruling came after the Texas Court of Criminal Appeal's decision in *Ex Parte Barber*, 879 S.W.2d 889, 892 (Tex.Crim.App. 1994), *cert. denied*, 513 U.S. 1084, 115 S.Ct. 739, 130 L.Ed.2d 641 (1995).  Prior to the decision in *Barber*, the Texas abuse doctrine was not regularly and strictly applied.  *Lowe v. Scott*, 48 F.3d 873, 876 (5th Cir.), *cert. denied*, 515 U.S. 1123, 115 S.Ct. 2278, 132 L.Ed.2d 282 (1995), cited in *Fearance*, 56 F.3d at 642.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).[5]  In order to show prejudice, a petitioner must show the result of the proceeding would have been different.  *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994), *cert. denied* 513 U.S. 841, 115 S.Ct. 129, 130 L.Ed.2d 72 (1995).  Petitioner Ford has not made such a showing and thus petitioner's ground 3c (and to a small degree a portion of his second claim) is procedurally barred from federal corpus review.  *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 899 (1999).

Therefore, it is the opinion of the Magistrate Judge that while petitioner has not exhausted, in state court, one of the issues presented herein, this cause should not be dismissed for failure to exhaust, but instead, should be decided on the merits as to the exhausted claims.  The unexhausted claim, ground 3c, the undersigned finds to be procedurally barred.

IV.
<u>STANDARD OF REVIEW</u>

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997).  Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)      resulted in a decision that was contrary to, or involved an unreasonable

---

[5]  It is acknowledged that the state court has not dismissed a habeas petition presented by petitioner on the unexhausted ground presented herein.  However, based upon the holdings of *Ex parte Barber* and *Fearance*, this Court assumes such would occur.  The only other alternative would be to dismiss the instant mixed petition because it presents both exhausted and unexhausted claims but to do so would be more detrimental to petitioner in that no ruling on his exhausted grounds would be reached.

application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, all factual determinations made by a state court shall be presumed

to be correct and such presumption can only be rebutted by clear and convincing evidence

presented by petitioner.  28 U.S.C. § 2254(e).

Petitioner has filed two (2) state habeas applications with the Texas Court of Criminal

Appeals relating to Cause Nos. 41,419-E and 42,038-E.  The Court of Criminal appeals denied *Ex*

*parte Ford*, App. Nos. 53,584-01 and 53,584-02 on December 18, 2002, without written order.

The rulings of the Texas Court of Criminal Appeals on the grounds presented constitute an

adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir.

1999).

V.
MERITS OF PETITIONER'S EXHAUSTED ALLEGATIONS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally

unfair that the petitioner's constitutional rights were violated.  In determining whether an error was

so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue,

looking at the totality of the circumstances surrounding the error for a violation of the petitioner's

constitutional rights.  Based upon a review of the state court records the pleadings of record with

this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being

unlawfully detained in violation of the Constitution and laws of the United States.

A.
Coerced Confession

Petitioner has alleged that his convictions were obtained through the use of a coerced

confession.  Specifically, petitioner alleges the trial court erred when it allowed into evidence an

illegally obtained oral statement made to police during interrogation when petitioner had not been

advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

(1966).  Petitioner appears to allege that while in route to the police department post-incident, the

police officer initiated questioning eliciting an incriminatory response.  According to petitioner,

and to the record, the trial court, ruling on a motion in limine filed by defense, determined such

statement was spontaneous and voluntarily made.  (Petitioner's Brief at 4; Statement of Facts

(S.F.) Vol. 2 at 49).  Further, the Seventh Court of Appeals found petitioner's first statement to

clearly be spontaneous and voluntary.  *Ford v. State*, slip op. at 6.  As for petitioner's second

statement, the appeals court held,

> With regard to the second statement, even assuming arguendo that [police officer]
> Jordan's question was likely to provoke an incriminating response, the statement
> was merely cumulative of the first statement, which was clearly admissible. Hence,
> there was no material harm to appellant. Further, even if admitting the second
> statement was erroneous, a criminal judgment need not be reversed if, beyond a
> reasonable doubt, the error did not contribute to the conviction or punishment.
> Tex.R.App. P. 44.2. *See also Manley v. State,* 28 S.W.3d 170, 176-77 (Tex.App.-
> Texarkana 2000, pet. ref'd).  In this case, several witnesses testified that appellant
> had been a customer of the bar. Two witnesses positively identified appellant as the
> robber and he was also held down by several of the patrons until the police arrived.
> The admission of the second statement, even if it was error, did not contribute to
> appellant's conviction or punishment.

Id. At 7.  The undersigned first notes that in reviewing state trial court evidentiary rulings, this

Court does not sit a super state supreme court.  *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir.

1984).  A state evidentiary ruling, even if erroneous, will entitle a prisoner to federal habeas

corpus relief "only when the trial judge's error is so extreme that it constitutes a denial of

fundamental fairness under the Due Process Clause." *Id.*  The United States Constitution does not

guarantee state prisoners errorless trials.  *Id.* at 1168.  The state courts have fully addressed

petitioner's claims on this issue and determined the trial court did not abuse its discretion in

failing to suppress the statements, specifically finding petitioner's first statement was spontaneous

and voluntary, and not in response to interrogation.  Petitioner's second statement was merely

duplicative of the first and thus any error alleged to have occurred was harmless.

      The undersigned has reviewed the evidence cited by the respondent as supporting the state

court findings on this issue, *viz.*, the evidence presented during the pre-trial hearing before the

state trial court, and finds that petitioner has failed, in this federal habeas action, to rebut the state

court's factual findings by clear and convincing evidence.  Consequently, such findings are

presumed correct.  Additionally, the undersigned finds the state appellate court's decision was not

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceedings.  Accordingly, petitioner is not entitled to federal habeas corpus relief on this

claim.

B.

Effectiveness of Counsel

      Petitioner's remaining claims are that he received ineffective assistance of counsel

prior to trial (by attorney Evans) and at trial and on appeal (by attorney Schofield).

      The proper standard for judging a petitioner's contention that he is entitled to relief on the

ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland*

standard, a petitioner must show defense counsel's performance was deficient.  This requires

showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense.  To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the petitioner of a fair trial with a reliable result." *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight.  *Id.* at 689.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.  *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence.  *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).

<u>Ineffective Assistance Before Trial</u>

Petitioner claims he was denied effective assistance of counsel prior to trial when his attorney, Ms. Cindy Evans, failed to communicate a plea bargain offer to petitioner.  Specifically, petitioner alleges the State tendered a twenty year plea bargain offer on or about January 13, 2000, and that such offer was valid until February 11, 2000.  (Petitioner's Brief at 12).  Petitioner

alleges he was not informed by counsel of this offer.[6]  In the state habeas proceeding counsel

testified by affidavit that, "I was unable to ever convey the State's plea bargain offer to Mr. Ford

because Mr. Ford refused and failed to meet with me in order to discuss his case in Cause No.

41,419-E."   *Ex parte Ford*, No. 53,584-01 at 54.  Counsel also stated, in her affidavit,

> On February 17, 2000 I filed a Motion to Withdraw as Counsel in Cause No.
> 41,419-E on the basis that Mr. Ford failed to meet with me to discuss his case.  On
> October 5, 2000 I resubmitted my Motion to Withdraw as Counsel on the basis that
> I was beginning employment with the Randall County District Attorney's Office on
> Monday October 9, 2000.
>
> On February 18, 2000, the day after I filed my initial Motion to Withdraw as
> Counsel, the surety on Mr. Ford's bail bond, Basden Bail Bond, filed an Affidavit
> of Surrender on the grounds that Mr. Ford failed to appear in court.....It is my
> understanding that Mr. Ford remained a fugitive for almost a year until his re-arrest
> on or about January 25, 2001.

*Id*.  By denying relief, the state habeas court found defense counsel's affidavit more credible than

petitioner's claims.[7]  Other than his uncorroborated allegations, petitioner has presented nothing to

show defense counsel's affidavit was not true.  Petitioner has not shown defense counsel's

performance was deficient.

        More importantly, the state court heard and adjudicated petitioner's ineffective assistance

of counsel claim on the merits.  On December 18, 2002, the Texas Court of Criminal Appeals

denied petitioner's application without written order.  *Ex parte Ford*, App. No. 53,584-01 at

cover.  Petitioner FORD has not demonstrated this state court decision was based on an

---

        [6]The state habeas records related to petitioner's conviction in Cause No. 41,419-E are contained in  *Ex parte Ford*, No.
53,584-01.  Such records contain an affidavit from counsel Evans for Cause No. 41,419-E as well as a copy of the plea offer and
counsel's later motion to withdraw.  *Ex parte Ford*, No. 53,584-01 at 32-35, 54-56.  The plea offer and counsel's motion to
withdraw are also contained in *Ex parte Ford*, 53,584-02, related to Cause No. 42,038-E, but such documents reference Cause
No. 41,419-E.  Ex parte Ford, 53-584-02 at 33-36.  No affidavit from counsel is included in *Ex parte Ford*, 53,584-02,
presumably because it specifically references Cause No. 41,419-E but not 42,038-E.  It does not appear petitioner was offered a
plea in Cause No. 42,038-E, thus counsel was not ineffective for there was no offer to convey.

        [7]As stated *supra*, to the extent petitioner now submits a sworn document purporting to support his conclusory
allegation, such is procedurally barred as it was not presented at the state habeas level.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d).

Further, even if, for purposes of argument, this Court were to find the state habeas court's decision unreasonable and then further determine trial counsel was in fact deficient in not locating her client and relaying the plea bargain offer to him, petitioner would still not entitled to relief because he has not shown he was prejudiced by counsel's performance. Petitioner has not shown he would have accepted the twenty (20) year offer and pled guilty.[8] In fact, it appears petitioner became a fugitive on or before February 18, 2006, when his bond was surrendered and remained a fugitive for some period of time.

Petitioner's claim is without merit and he is not entitled to relief.

<u>Ineffective Assistance of Counsel at Trial</u>

Petitioner next alleges he was denied effective assistance of counsel at trial because counsel:

    a.     misinformed petitioner of the rule concerning the introduction of prior convictions for impeachment purposes when a defendant testifies;

    b.     failed to investigate or to challenge the two convictions used for enhancement purposes in the indictment;

    c.     failed to adequately challenge the inadmissible statement referred to in ground 1 herein;

    d.     failed to impeach a key state witness;

    e.     failed to properly challenge the fact's surrounding the admission of evidence *i.e.* a knife used in the offense.

a.

<u>Misinformation Related to the Rule Concerning Prior Convictions</u>

Petitioner alleges counsel was ineffective because he provided bad advice regarding the admissibility of prior extraneous offenses for impeachment purposes. (Petitioner's Brief at 17-

---

[8]Petitioner attempts to show prejudice (pp. 14-15 of petitioner's May 12, 2003 Memorandum), but merely argues what would have happened if he had known about the plea bargain, and if he had accepted it. At no time does petitioner state he would have definitely accepted the offer, and his speculation is not sufficient to show prejudice.

18).  Such advice, argues petitioner, persuaded him not to testify at either the pre-trial hearing or at trial.  *Id.*  Petitioner alleges his most recent conviction, for a similar offense, was seventeen years old, and that under state law, such evidence could not be used to impeach him since more than ten years had passed since the conviction.  *Id.* (*citing* TEX. R. EVID. 609(b)).  Petitioner further alleges that pursuant to Rule 104(d) of the Texas Rules of Evidence, he could have testified at the pretrial hearing to rebut the testimony of officer Jordan (the officer who transported him to jail) without being subject to cross examination on other issues.  *Id.* at 18.  As argued by respondent, petitioner has failed to demonstrate counsel gave the advice complained of or that petitioner's decisions not to testify were the result of such advice.  Petitioner has failed to demonstrate prejudice.  Additionally, if counsel did offer such advice, based upon petitioner's representations, it would appear to have been strategic in nature.[9]  The *Strickland* analysis presumes counsel's strategic decisions were not ineffective.  Unless a strategic decision was, "so ill chosen that it permeates the entire trial with obvious unfairness," it cannot be the basis for a constitutional claim of ineffective assistance.  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal cite omitted).  In the case at bar, petitioner has provided nothing to support his allegation that trial counsel's actions were anything but sound trial strategy and/or that counsel even proffered such advice.

b.
### Failure to Investigate or Challenge Enhancing Convictions

Petitioner has alleged he requested counsel to investigate the two convictions used for enhancement purposes in the indictment and to challenge them, but that counsel failed to do so.

---

[9]Assuming the 17-year old offense could not be used for impeachment because it was over ten years old and no exception existed which would have permitted its use, counsel still could have had strategic reasons for the advice.  For example, the door could have been opened by petitioner so as to allow use of the conviction.

Under the second prong of *Strickland*, a petitioner must show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068, 80 L.Ed. 2d 674. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d 674. Petitioner has not demonstrated what any investigation of these convictions would have revealed or how it would have changed the outcome of the case. Petitioner's allegation is conclusory and without merit.

c.
Failure to Challenge the Admissibility of the Statement Given to Police

Petitioner has argued counsel was ineffective for failing to challenge the statement he (petitioner) gave to the police while in transport. As discussed *supra*, this claim is procedurally barred. Additionally, even if the Court were to consider this claim, it is without merit. The legality of such statement was discussed herein in Paragraph V. A. Such statements were found to be unsolicited, spontaneous and voluntary. As such, petitioner's claim that counsel was ineffective for failing to challenge the admissibility of such statements must fail. It cannot be said counsel was ineffective for failing to make a futile objection. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

d.
Failure to Impeach a Key State Witness

Petitioner argues counsel was ineffective for failing to impeach a prosecution witness *i.e.* Nancy Chapmon, a bartender at the location where the offense occurred. At the pretrial hearing officer Jordan testified, "I believe the barmaid - - the bartender there had told me that he had been in the bar [where the incident occurred] earlier that evening drinking alcohol. As to

whether he was intoxicated, I don't know." (S.F., Vol. 2 at 43). At trial, the bartender, identified

as Nancy Chapmon[10], testified that petitioner had not been in the bar on the evening of the incident

prior to the robbery. (S.F., Vol. 3 at 174). Further Ms. Chapmon testified she did not make that

statement to anyone. *Id*. As argued by respondent, the presentation of testimonial evidence is a

matter of trial strategy. *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). As discussed supra,

unless a strategic decision was, "so ill chosen that it permeates the entire trial with obvious

unfairness," it cannot be the basis for a constitutional claim of ineffective assistance. *Green v.*

*Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)(internal cite omitted). In the case at bar, petitioner

has provided nothing to show that trial counsel's actions were anything but sound trial strategy.

Counsel cross examined this witness and re-cross examined her. (S.F., Vol. 3 at 157-174 and 179-

180). Moreover, counsel cross examined the police officer at trial and he testified Ms. Chapmon

had not indicated petitioner was at the bar earlier in the evening. (S.F. Vol. 4 at 47). The

inconsistent statement appears to be that of officer Jordan during the pre-trial hearing and during

trial. Petitioner has failed to demonstrate how counsel's failure to attack the discrepancy was so

ill chosen that it permeated the entire trial with obvious unfairness. Petitioner's claim is without

merit.

e.
Failure to Challenge the Admissibility of the Knife

Petitioner concedes counsel made an oral motion for instructed verdict based upon a

failure of proof as to the knife. (Petitioner's Brief at 23). A review of the record shows counsel

also objected to the knife's admissibility based upon an alleged failure to establish chain of

---

[10]Ms. Chapmon testified she was the bartender on duty when the robbery incident occurred and that she was the only person working at that time. (S.F., Vol. 3 at 139).

custody.  (S.F., Vol. 4 at 54).  Petitioner, in his brief, concedes that chain of custody was

established, but argues that even if the knife were technically admissible, counsel had a duty to

challenge the weight and credibility of such evidence pursuant to Rule 104(e) of the Texas Rules

of Evidence.  Petitioner's argument is without merit.  As articulated by respondent, "Under state

law, where a defendant is alleged to have used a knife as a deadly weapon, if a witness is able to

testify about the knife and the manner in which the knife was used, the actual knife used need not

be introduced into evidence.  *Kent v. State*, 879 S.W.2d 80, 83 (Tex. App. - - Houston [14[th] Dist.]

1994, no pet.)."  At trial several people testified a knife was used by petitioner.  (S.F. Vol. 3 at

148, 184, 205-206).  Further, one witness testified he was injured by the knife during the

altercation.  *Id.* At 186-87.  Petitioner has failed to demonstrate counsel's actions were ineffective

and he has failed to prove prejudice.

<u>Ineffective Assistance of Counsel on Appeal</u>

Petitioner next alleges he was denied effective assistance of counsel on appeal because

counsel:

a.      failed to raise the issue of prosecutorial misconduct;

b.      failed to raise issue of the inadmissible statement referred to in ground 1 herein;
and

c.      failed to raise the issue of the improper admission of the knife.

a.
<u>Prosecutorial Misconduct</u>

Petitioner complains he received ineffective assistance of counsel because counsel failed

to raise, on appeal, a claim of prosecutorial misconduct.  During voir dire, the prosecution

questioned members of the venire panel about their ability to consider the full range of

punishment and the types of evidence admissible during sentencing.  Specifically, the prosecutor

stated:

> You all understand then that in a criminal trial you will hear evidence during the
> guilt/innocence phase solely on the issue of that particular day, that particular
> crime, and whether or not the person is guilty.  If you find a person guilty you may
> hear other evidence about the person's criminal history, whether this is a first
> offense or whether it's not a first offense; whether this person has a long laundry
> list of prior offenses; whether the person has been to the penitentiary before; that
> sort of thing.  But the appropriate time for that is at the punishment phase.

(S.F., Vol. 3 at 66).  Counsel objected at trial but such objection was overruled.  *Id.* at 67.

Petitioner now contends counsel should have raised the issue on appeal.  Appellate counsel is not

required to urge on appeal every ground that might be raised.  *Jones v. Barnes*, 463 U.S. 745, 751

(1983).  Instead, effective appellate counsel should "winnow out weaker arguments and focus on a

few key issues,"choosing only the strongest arguments to present to the appellate court.  *Id.* at

751-52.  This is so because "[m]ultiplicity hints at a lack of confidence in any one [point]."

Therefore, the mere failure to raise all cognizable points on appeal does not render appellate

counsel ineffective.  The *Strickland* analysis applies to claims of ineffective assistance of counsel

on appeal.  *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000).

Additionally, the Supreme Court has held, "Notwithstanding *Barnes,* it is still possible to bring a

*Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to

demonstrate that counsel was incompetent. See, *e.g., Gray v. Greer,* 800 F.2d 644, 646 (C.A.7

1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the

presumption of effective assistance of counsel be overcome").  *Id.*, 528 U.S. at 288, 120 S.Ct. at

765.

In the instant case, as argued by respondent, petitioner has not met his burden.  First,

petitioner has failed to demonstrate the prosecutor engaged in misconduct.  The prosecutor did not

refer to petitioner FORD's criminal history, but gave an accurate description of the state law.

Petitioner has failed to show that this issue was one which constituted error and could have been

appealed, much less should have been appealed.  Petitioner's claim is without merit.

b.
<u>Failure to Raise the Issue of a Coerced Confession</u>

Petitioner argues he received ineffective assistance of counsel because counsel failed to

raise on appeal, the issue that the police coerced a confession without a *Miranda* warning.  This

issue was discussed at Paragraph V. A.  As already articulated, the statements were admissible as

voluntary and spontaneous, or the admittance was harmless error.  Counsel was not ineffective and

this claim is without merit.

c.
<u>Failure to Raise the Issue of the Knife</u>

Petitioner argues counsel was ineffective for failing to raise on appeal, the "facts

surrounding the knife."  (Plaintiff's Brief at 25).  Respondent "assumes that in this ground Ford

complains of appellate counsel's failure to raise an appellate issue regarding trial counsel's

purported failure to exclude the knife."  (Respondent's Answer at 19).  The Court agrees that this

is a logical interpretation of petitioner's claim.  As discussed *supra* in Paragraph V.B.e., under

state law, where a defendant is alleged to have used a knife as a deadly weapon, if a witness is

able to testify about the knife and the manner in which the knife was used, the actual knife used

need not be introduced into evidence.  *Kent v. State*, 879 S.W.2d 80, 83 (Tex. App. - - Houston

[14[th] Dist.] 1994, no pet.).  At trial several people testified a knife was used by petitioner.  (S.F.

Vol. 3 at 148, 184, 205-206).  Thus the introduction of the knife into evidence was merely

cumulative to the testimony at trial.  This would not have been a strong issue to raise on appeal.

Petitioner has failed to demonstrate counsel's actions were ineffective.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIAM ROBERT

FORD, JR., be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner and to counsel of record for respondent by the most efficient means

available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).